UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL E. SCHMALTZ, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| v. | ) | No. 4:19-cv-01610-SRC |
| ZURICH AMERICAN INSURANCE GROUP, et al., | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of pro se plaintiff Michael Schmaltz for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the financial information submitted in support, the Court finds that the motion should be granted. Additionally, for the reasons discussed below, plaintiff will be directed to file an amended complaint.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this civil action against defendants Zurich American Insurance Group, Merchants Automotive Group, Merchants Automotive Group and Access, and Michael K. Schmitz. He states that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. (Docket No. 1 at 3).

Plaintiff states that on May 23, 2018, he was attempting to cross the street heading northbound at Washington and Broadway in St. Louis, Missouri. (Docket No. 1 at 4). At the time,

plaintiff was in an electric wheelchair. Plaintiff alleges that the signal light showed that he had the right-of-way; nonetheless, as he was leaving the crosswalk exit ramp, he was "struck by a…passenger van as it was attempting to make an illegal right turn into south bound traffic on Broadway." According to plaintiff, the driver was not paying attention to the traffic signal. In the police reports, the driver is identified as defendant Michael K. Schmitz.

Plaintiff states that Schmitz accelerated and struck him while turning, causing damage to his electric wheelchair, breaking his neck at C6-C7, and causing traumatic brain injuries. He further states that this was recorded on security cameras and witnessed by an "injury lawyer and two U.S. Marshals." Following this incident, plaintiff was "rushed to the emergency room and was later admitted to another hospital for an emergency Discectomy of [his] C6-C7." (Docket No. 1 at 5).

As a result of his accident, plaintiff states that he has become partially paralyzed and lost feeling in both feet and legs; that he has severe pain in his lower spine; that he loses the ability to breathe when his body is in certain positions; that his heart stops when his body is in certain positions; that he has a loss of vision; that he experiences falling sensations; and that he has dizziness and ringing in his ears. Plaintiff further asserts that he has so much pain that he cannot function, and that he cannot find doctors to treat him under his Missouri Healthnet insurance.

Plaintiff asserts that his medical costs are in excess of $75,000 and that he still needs more medical attention. He is requesting that the Court order defendant Zurich American Insurance Group to set up a trust account to pay for his ongoing medical costs and to cover all costs associated with transportation to medical appointments, MRIs, CT scans, and x-rays. He is also seeking additional homecare and any future surgical procedures that might be necessary.

**Discussion**

Plaintiff brings this pro se civil action against defendants Zurich American Insurance Group, Merchants Automotive Group, Merchants Automotive Group and Access, and Michael K. Schmitz. The action arises out of an accident in which plaintiff was struck by an automobile while crossing the street. The complaint is deficient and subject to dismissal in that it fails to properly demonstrate diversity of citizenship jurisdiction, and fails to state a claim against three of the defendants. However, plaintiff will be allowed to file an amended complaint according to the instructions set forth below.

**A. Failure to Demonstrate Diversity of Citizenship Jurisdiction**

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting that Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). Here, plaintiff states that he is bringing this action pursuant to the Court's jurisdiction over diversity cases.

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). A complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

"Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

Plaintiff has alleged damages in excess of the $75,000 threshold. He has not, however, shown that all the defendants are diverse from him. Plaintiff claims to be a citizen of the State of Missouri. In order for there to be diversity among the parties, no defendant can be a Missouri citizen. Defendants Zurich American Insurance Group and Merchants Automotive Group are alleged to be citizens of Illinois and New Hampshire, respectively. Defendant Merchants Automotive Group and Access, though, is asserted to be located in Hazelwood, Missouri. Moreover, plaintiff does not provide any citizenship information regarding defendant Schmitz whatsoever. Therefore, plaintiff has failed to establish that this Court has diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a).

**B. Failure to State a Claim**

As noted above, in order to state a claim, plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft*, 556 U.S. at 679. "While the court must accept allegations of fact as true…the court is free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002). Furthermore, the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). *See also Parkhill v. Minnesota Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002) (stating that the reviewing court looks at the well-pleaded facts in the complaint to determine whether the pleading party has provided the necessary notice, thus stating a claim in the matter contemplated by the Federal Rules).

Here, plaintiff has clearly presented a claim against defendant Schmitz by alleging that Schmitz made an illegal turn in his automobile, thereby striking plaintiff while he was in a crosswalk with the right-of-way. The same cannot be said for defendants Zurich American Insurance Group, Merchants Automotive Group, and Merchants Automotive Group and Access. Zurich American Insurance Group is not mentioned in plaintiff's statement of claim, and only appears in the complaint in reference to plaintiff's request that they set up a trust fund to pay for his alleged injuries. Meanwhile, Merchants Automotive Group and Merchants Automotive Group and Access do not appear anywhere in the complaint, except where they are named as defendants. Plaintiff provides no factual allegations to explain the role of these three defendants or to demonstrate why they are liable for his injuries. Plaintiff's statement of claim fails to provide "fair notice of the nature and basis or grounds" of his claims against Zurich American Insurance Group, Merchants Automotive Group, and Merchants Automotive Group and Access. Thus, he has failed to state a claim against these defendants.

C. **Order to Amend**

As discussed above, plaintiff's complaint is deficient and subject to dismissal under Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). Because plaintiff is proceeding pro se, he will be allowed to amend his complaint according to the instructions set forth below.

Plaintiff should type or neatly print his complaint on the Court's civil complaint form, which will be provided to him. *See* E.D. Mo. L.R. 45 - 2.06(A) ("All actions brought by pro se plaintiffs or petitioners should be filed on Court-provided forms"). If the complaint is handwritten, the writing must be legible. In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may

add additional sheets. However, all the defendants must be clearly listed. Plaintiff should fill out the complaint form in its entirety.

In order to demonstrate diversity jurisdiction, plaintiff must show that each defendant is a citizen of a state other than the State of Missouri. If the defendant is a corporation, he must provide the state of incorporation and the location of its principal place of business. If the defendant is an individual, he must provide the citizenship of that defendant, as well as that defendant's address.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

It is important that plaintiff allege facts demonstrating the responsibility of the defendant for harming him. In doing so, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff names more than one defendant, he must establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions caused plaintiff's injury. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can

receive notice of what he or she is accused of doing. *See Topchian*, 760 F.3d at 848 (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect"). If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

**D. Motion to Appoint Counsel**

Plaintiff has filed a motion to appoint counsel (Docket No. 4). The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the

complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, plaintiff is being directed to file an amended complaint in order to cure deficiencies in his original complaint. The Court will entertain future motions for appointment of counsel as the case progresses, if appropriate.

The Court refers Plaintiff to the Legal Advice Clinic, located on the 3rd floor of the Courthouse, for the opportunity to meet with a private attorney for a free 30-minute consultation to get answers to legal questions and assistance with completing filing forms. More information can be found on the Court's website, http://www.moed.uscourts.gov/.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 4) is **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to send to plaintiff a copy of the Court's non-prisoner civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint on a Court-form within **thirty (30) days** of the date of this order, following the instructions set forth above.

**IT IS FURTHER ORDERED** that failure to comply with this order will result in the dismissal of this case without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

Dated this 23rd day of August, 2019.

SLR.CR

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE