**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL E. SCHMALTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-01610-SRC |
| | ) | |
| ZURICH AMERICAN INSURANCE | ) | |
| GROUP, et al., | ) | |
| | ) | |
| Defendants, | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on its own motion. On August 23, 2019, the Court directed plaintiff to file an amended complaint. (Docket No. 9). Plaintiff was advised that failure to comply with the Court's order to amend within thirty days would result in the dismissal of his complaint without prejudice and without further notice. The Court has not received an amended complaint or any other response. Therefore, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice.

**Background**

Plaintiff is a pro se litigant who brings this civil action against defendants Zurich American Insurance Group, Merchants Automotive Group, Merchants Automotive Group and Access, and Michael K. Schmitz. He filed his complaint on June 4, 2019. In the complaint, he alleged that on May 23, 2018, he was struck by an automobile driven by defendant Schmitz while he was crossing the street. (Docket No. 1 at 4). He asserted that he was in the crosswalk and had the right of way. Plaintiff stated that the Court had jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (Docket No. 1 at 3).

On August 23, 2019, the Court ordered plaintiff to file an amended complaint. (Docket No. 9). The Court noted that plaintiff's complaint had deficiencies that made it subject to dismissal. First, plaintiff had not properly asserted diversity of citizenship jurisdiction, as he did not provide the citizenship of defendant Schmitz. Second, plaintiff failed to state a claim against Zurich American Insurance Group, Merchants Automotive Group, and Merchants Automotive Group and Access, because plaintiff had not presented any factual allegations against them regarding their role in this case or their purported liability.

The Court ordered plaintiff to file an amended complaint and gave him instructions on how to do so. Plaintiff was advised that he had thirty days in which to file his amended complaint pursuant to the Court's instructions. He was further warned that a failure to comply with the Court's order by filing an amended complaint would result in the dismissal of this case without prejudice and without further notice. Plaintiff has not filed an amended complaint.

## Discussion

Plaintiff was given thirty days in which to file an amended complaint pursuant to the instructions set forth in the Court's order of July 22, 2019. (Docket No. 9). More than thirty days have elapsed since the order was filed, and plaintiff has not submitted an amended complaint or requested an extension of time. He was advised by the Court that failure to comply would result in the dismissal of this action. As he has not complied, the Court will dismiss plaintiff's complaint without prejudice. *See* Fed. R. Civ. P. 41(b); and *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. *See* Fed.

R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in

good faith.

Dated this <u>16th</u> day of October, 2019.

_SL R. CR_

_____

STEPHEN R. CLARK
UNITED STATES DISTRICT JUDGE